# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRON BROWN, SR., | No. 4:19-CV-00021 |
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| PENNSYLVANIA APPELLATE COURTS, and PA ATTORNEY GENERAL, | |
| Respondents. | |

## ORDER

### APRIL 16, 2019

Tyron Brown, Sr., formerly a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition challenging the constitutionality of his Pennsylvania state court convictions and sentence, along with aspects of the state courts' treatment of his appeals.[1] In February 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court dismiss as moot Brown's petition.[2] Magistrate Judge Carlson noted that: (1) documents mailed to Brown were returned as undeliverable with the explanation that Brown is no longer in custody; (2) the Pennsylvania Inmate Locator Service indicates that Brown is not in custody; and (3)

---

[1] Doc. 1.
[2] Doc. 9.

Brown's filings demonstrate that he now lives in Maryland.³ Because Brown is no longer in custody, Magistrate Judge Carlson concluded that this Court may offer no relief, and Brown's § 2254 petition is moot.⁴

Brown filed timely objections in which he expresses frustration with the lengthy delay in the adjudication of his case in state court and reiterates that his constitutional rights were violated.⁵ "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"⁶ Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.⁷

Upon de novo review of Magistrate Judge Carlson's Report and Recommendation, the Court finds no error in the conclusion that Brown's § 2254 petition is moot. The record is clear that Brown has been released from custody, and there are no apparent collateral consequences flowing from Brown's sentence that would provide this Court with jurisdiction to consider his § 2254 petition.⁸ The

---

³ *Id.* at 1-2, 4-5.
⁴ *Id.* at 4-5.
⁵ Doc. 10.
⁶ *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
⁷ 28 U.S.C. § 636(b)(1); Local Rule 72.31.
⁸ *See Piasecki v. Ct. Com. Pl., Bucks Cty.*, 917 F.3d 161, 170 (3d Cir. 2019) (outlining circumstances in which collateral consequences may provide court with jurisdiction to consider

2

Court is not unsympathetic to Brown's justifiable frustration in having been released from custody prior to the full adjudication of his claims. Nevertheless, mootness is a jurisdictional barrier, and this Court is simply without power to consider Brown's § 2254 petition.[9] Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 9) is **ADOPTED in its entirety**;

2. Brown's § 2254 petition (Doc. 1) is **DISMISSED as moot**;

3. Brown's motion to proceed *in forma pauperis* (Doc. 4) is **DENIED as moot**; and

4. A certificate of appealability shall not issue.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

§ 2254 petition subsequent to petitioner's release from custody); *Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009) (affording no presumption that collateral consequences exist when sentence that petitioner attacks has already been served).

[9] *See United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) ("A case that becomes moot at any point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts" (internal quotation marks omitted)).